IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON RODERICK WINTERS                                                                      PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:14cv222-HSO-RHW

CITY OF GULFPORT, *et al.*                                                                  DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court are [16] the August 6, 2014 motion to dismiss or for summary judgment filed by City of Gulfport police officers Mark E. Joseph and Greg Peleaz, and [19] the City's joinder in the motion filed August 19, 2014.  The *pro se* plaintiff has filed no response, but since the motion is dispositive in nature, the Court considers it on the merits.

On May 22, 2014, Jason Roderick Winters filed this prisoner civil rights complaint, alleging that at approximately 9:06 p.m. on June 15, 2012 he was east-bound on 28th Street in Gulfport, Mississippi near its intersection with Highway 49, and turned north onto Highway 49. Soon thereafter City of Gulfport police officers Mark E. Joseph and Greg Peleaz pulled Winters over for making an improper turn onto Highway 49.  Winters denied any wrongdoing.  Winters alleges Officer Joseph asked for Winters' drivers license and proof of insurance, and Winters admitted to the officer that he had no insurance card.[1]  [1, pp. 4-5]  Officer Joseph had Winters and his passenger get out of the car, patted them both down and had them sit on the sidewalk while he searched the car.  Winters further alleges that while he was detained, Officer Peleaz "put his hands into Jason Winters trousers expressing his self (*sic*) to Jason Winters private parts in public." [1, p. 5]  The allegedly illegal search yielded a scale, 1.1 grams of marijuana and 2.6

---

[1] Mississippi law requires that an insurance card showing proof of liability insurance be kept in every motor vehicle operated in the state.  MISS. CODE ANN. § 63-15-4.

grams of cocaine base [7, ¶ 6], leading to various charges.  Winters contends the stop was illegal because neither officer saw any traffic or equipment violation, nor any suspicious activity to justify their actions.  His claims in this lawsuit are for illegal search and seizure, false arrest, false imprisonment, racial profiling,[2] sexual harassment and malicious persecution (*sic*), all arising out of the June 15, 2012 traffic stop and ensuing charges.  [1, p. 1]

As to the City, Winters alleges Gulfport Police Department has a custom or policy which allows officers to "indulge in unconstitutional arrests, illegal searches and or illegal traffic stops."  He alleges a complaint was filed with the police department on December 12, 2013 and the department looked into the conduct of Officers Joseph and Peleaz and "ratified their actions."  [7, p. 3] Plaintiff claims his parole (*sic*) was violated as a result of the traffic stop.[3]

On February 1, 2013, Winters entered a waiver of rights and petition to enter guilty plea in the Municipal Court of the City of Gulfport to charges emanating from the June 15, 2012 traffic stop consisting of improper turn, no proof of insurance, possession of marijuana and a tint law violation.  [16-2]  Winters was adjudged guilty on all four of the charges, and assessed fines for each.  Winters states he appeared before Municipal Judge Dunn-Burks and was ordered to report to collection upon release.  [7, p. 4]  The judgment entered by the Municipal Court states Winters is "in HCADC (Harrison County Adult Detention Center) on MDOC hold" and provides that he is to be allowed "no credit for T/S (time served) in HCADC on fines."  [16-3]

---

[2]Plaintiff alleges racial profiling against the officers and claims the traffic stop was a pretext to allow them to search him, his car and his passenger. [7, p. 3, ¶ 7]

[3]The Mississippi Department of Corrections (MDOC) web site shows Winters (# K0928) is presently serving three sentences totaling nine years and six months for convictions of grand larceny (three years and six months); possession of a controlled substance with intent (six years) and possession of a controlled substance (six years).  The date of his entry into MDOC is shown as May 5, 2009, and his tentative release date is May 26, 2015.

Winters admits in his pleadings that he sought no review of the municipal court judgment, nor any additional relief. [7, p. 3, ¶¶ 5-6] He concedes his probation violation has not been reversed on direct appeal, expunged by executive order or otherwise declared invalid. [7, p. 3, ¶ 3] Plaintiff seeks "a cash settlement in the sum of two point five million damages for all punitive damages that was caused by the misconduct of the two officers." [1, p. 4]

Law and Analysis

Defendants urge that all Plaintiff's claims with respect to his June 15, 2012 arrest and and ensuing convictions must be dismissed pursuant to the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which states:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus... a claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87. *See also*, *Hainze v. Richards*, 207 F.3d 795, 798-99 (5th Cir. 2000)(holding barred as a matter of law the plaintiff's § 1983 claims against arresting officers for excessive force and assault during arrest where the plaintiff was convicted of aggravated assault related to the same events); *Birgans v. Louisiana*, 2010 WL 2428026 (W.D. La., April 26, 2010)(dismissing plaintiff's claims of false arrest, false imprisonment and malicious prosecution pursuant to *Heck*, where plaintiff had been convicted of the charges that resulted in his arrest, incarceration and prosecution); and *Ducre v. Godwin*, 2009 WL 174168 (E.D. La. 2009)(dismissing plaintiff's claims that he was wrongfully convicted and his parole wrongfully revoked because initial traffic stop leading to his arrest and convictions resulted from racial

profiling and convictions were based on officer's false testimony at trial, where the convictions/sentences had not been reversed, expunged, declared invalid or called into question).

In the case at bar, Plaintiff makes only a conclusory allegation that the City of Gulfport "has a custom or policy which it allows their officer(s) to indulge in unconstitutional arrests, illegal searchs (*sic*) and or illegal traffic stops in order to show their authority." [7, p. 3, ¶ 1]  He then claims that Officers Joseph and Peleaz had no probable cause to stop him on June 15, 2012, and his civil rights were violated because the stop resulted from racial profiling, the search of his vehicle was illegal, he was falsely arrested and imprisoned, sexually harassed and maliciously prosecuted.  However, it is beyond dispute that Plaintiff pled guilty to the charges emanating from the traffic stop and arrest, as demonstrated by the official records from the City of Gulfport Municipal Court [16-2] and [16-3], and Plaintiff's own pleadings establish that he sought no review of the municipal court judgment, and his convictions have not been reversed, expunged or otherwise declared invalid or called into question by any court.  Pursuant to *Heck v. Humphrey*, the undersigned finds Winters' claims against the City and the arresting officers are therefore barred as a matter of law.

## RECOMMENDATION

Based on the foregoing, the undersigned is of the opinion that Plaintiff has failed to state a claim upon which relief can be granted and recommends that the Defendants' motion be granted and this case, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and

file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 28th day of October, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE